IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HERBERT LEE CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | 8:19CV515 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT R. FRAKES, and TODD WASMER, | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the court on initial review of Mr. Campbell's Petition for Writ of Habeas Corpus ("petition") filed pursuant to the 28 U.S.C. § 2241. (Filing No. 1.) For the reasons discussed below, I will dismiss the petition with prejudice.[1]

## *Background*

Campbell is a frequent filer who will not take "no" for an answer. He has previously filed numerous habeas actions in this court to challenge his convictions and sentences. *See* Case No. 4:02CV3273 (dismissed without prejudice on January 23, 2003, for failure to exhaust state court remedies); Case 4:04CV3226 (dismissed without prejudice on July 12, 2004, for failure to exhaust state court remedies); Case No. 4:05CV3081 (dismissed with prejudice on November 2, 2005); Case No. 4:08CV3092 (dismissed without prejudice on November 3, 2009, as successive

---

[1] Rule 4 of the *Rules Governing Habeas Corpus Cases Under Section 2254* provides, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the *Rules Governing Habeas Corpus Cases Under Section 2254* permits the court to apply Rule 4 to a § 2241 petition.

petition); Case No. 8:09CV252 (dismissed without prejudice on February 25, 2010, as successive petition); Case No. 4:10CV3054 (dismissed without prejudice on April 28, 2010, as successive petition); Case No. 4:12CV3174 (petition for writ of mandamus construed as successive petition for writ of habeas corpus and dismissed without prejudice on October 2, 2012); Case No. 4:13CV3102 (dismissed without prejudice on June 3, 2013, as successive petition); Case No. 4:13CV3164 (dismissed without prejudice on September 24, 2013, as successive petition); Case No. 4:13CV3217 (dismissed without prejudice on April 8, 2014, as successive petition); and Case No. 4:15CV3110 (dismissed without prejudice on March 2, 2016, as successive petition).

Now, he files this § 2241 petition in the face of a my denial several months ago of his petition for a writ of mandamus asserting the same grounds he asserts here. *See* Case No. 8:19CV273 (dismissed without prejudice for lack of jurisdiction and failure to state a claim on July 15, 2019). He simply won't give up his frivolous suits. Here, as he did in the mandamus action, his complains that his sentencing judge did not enter a formal written document called a "Judgment" before sentencing and therefore he is entitled to be released. I aware from an examination of our own records that Judge Burns, the presiding state district judge, orally pronounced Campbell guilty of all eight counts for which he was sentenced. (*See* Filing No. 1 at CM/ECF p. 24, Case No. 4:12CV3174 (partial transcript from *State v. Campbell*, No. CR01-288, District Court of Lancaster County, Nebraska, filed by Campbell as attachment to his petition).) And, Campbell does not deny that the judge later entered a written sentencing order that was in part expressed as a "judgment . . . ." (*See* Filing No. 1 at CM/ECF pp. 8-10, Case No. 8:19CV273).

### *Analysis*

There are so many reasons why this petition must be dismissed that it boggles the mind. ***Example 1:*** This case is based upon a successive petition for which no

permission to file the same has been granted by the Court of Appeals as required 28U.S.C. § 2244(b). ***Example 2:*** It is not the function of the federal courts to deal with questions of state law and this petition raises *only* a state law question about form. *See*, *e.g.*, *Evenstad v. Carlson*, 470 F.3d 777, (8th Cir. 2006) (federal habeas corpus relief does not lie for errors of state law, and it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). I could go on to discuss other reasons, but that would be a waste of time.

### *No Certificate of Appealability*

Although Petitioner sought relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. *See also Hoffler v. Bezi*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability).The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the petition for writ of habeas corpus under § 2241 is dismissed with prejudice. No certificate of appealability has been or will be issued. Judgment will be entered by separate document

DATED this 27th day of November, 2019.

BY THE COURT:

*Richard G Kopf*

Senior United States District Judge